14794. JACKSON *v.* HORD, by next friend.

1. Under the ruling in *Sinkovitz* v. *Peters Land Co.,* 5 *Ga. App.* 788 (64 S. E. 93), the petition set out a cause of action, and the court did not err in overruling the general demurrer. See, in this connection, *Ga. Ry. & Electric Co.* v. *Tompkins,* 138 *Ga.* 596 (2) (75 S. E. 664).

2. The 2d ground of the special demurrer was properly overruled. *Rome Ry. & Light Co.* v. *King,* 30 *Ga. App.* 231 (117 S. E. 464(1)); *Fuller* v. *Inman,* 10 *Ga. App.* 680 (4) (74 S. E. 287); *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (3) (64 S. E. 302).

3. As the brief of counsel for the plaintiff in error does not refer to the first ground of the special demurrer, this will be construed to mean that he acquiesces in the order of the judge overruling it.

DECIDED JANUARY 16, 1924. REHEARING DENIED FEBRUARY 25, 1924.

Action for damages; from Fulton superior court — Judge Humphries. June 21, 1923.

*R. R. Jackson, C. E. Moore,* for plaintiff in error.

*Neufville & Neufville,* contra.

BLOODWORTH, J.   The following statement from the pleadings will make clear the rulings announced in the headnotes: Isolyne Hord, by next friend, sued P. P. Jackson for damages on account of personal injuries which she alleged she sustained by reason of the following facts: Jackson owned a certain lot in the city of Atlanta which was surrounded by a retaining wall three or four feet high and built of belgian blocks.   She "did not have any reason to suspect that the cement between said belgian blocks had crumbled away and defendant was maintaining a danger to pedestrians on the street."   She alleges that this wall was unstable and unsafe, and that defendant was negligent in maintaining this wall on a public thoroughfare in the city of Atlanta.   (Par. 9) "Petitioner shows that she was without fault, and that the injuries sustained by her was because of the negligence of defendant in maintaining a dangerous wall adjacent to the sidewalk along which pedestrians were constantly passing."   She was on the street, and while passing said wall "a large loose rock weighing about 65 pounds dropped from the top of said wall and fell upon her left foot, crushing the great toe of her said left foot."

The defendant demurred generally, and on two special grounds, which were as follows:   "1. Defendant demurs specially to paragraph 8 in its entirety, wherein plaintiff alleges as follows: 'Petitioner shows that she has incurred doctor's bills, and medicine, amounting to about the sum of one hundred ($100.00) dollars; on the grounds that said allegations are too vague and indefinite, in that there is no itemized statement as to what the doctor's bill is, or what amount was paid for medicine; neither does it appear in said paragraph 8, or elsewhere in plaintiff's petition, under what rule of law the plaintiff, a minor, is liable for doctor's bill and medicine."   "2. Defendant demurs specially to that part of paragraph 9, wherein it is alleged as follows: 'Petitioner alleges that she was without fault,' and 'that the injury sustained by her was because of the negligence of defendant,' etc.; on the grounds that said allegations set forth conclusions of fact of the pleader; it not being alleged in said paragraph, or elsewhere in plaintiff's petition,

what the identical acts and doings of plaintiff were at the time of the injuries alleged to have been received by plaintiff were." The following order was passed by the court: "Upon hearing the within demurrer, the same is overruled upon each and all of its grounds." The defendant excepted.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*